IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SYSTEMIC FORMULAS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAEYOON KIM, et al., <br><br> Defendants. | ORDER AND <br> MEMORANDUM DECISION <br><br><br> Case No. 1:07 CV 159 (TC) |

Systemic Formulas, Inc., brought this action against its former employee Daeyoon Kim and his company Innovita LLC (collectively "Defendants") for alleged breach of employment contract, misappropriation of trade secrets, infringement of trade dress and other claims. Nearly two years after filing the suit, Systemic Formulas has renewed its request for a preliminary injunction against Defendants. (The court denied Systemic Formula's initial motion for a preliminary injunction in August 2008.) Now Systemic Formulas asks the court to bar Mr. Kim from competing with Systemic Formulas, to enjoin Defendants from using certain sales and marketing brochures, and to stop Defendants' use of Systemic Formula's list of customers for solicitation of sales. For the reasons described below, the court denies Systemic Formulas Formula's renewed motion for a preliminary injunction.

**FACTUAL BACKGROUND**

Systemic Formulas, which develops and sells nutritional supplements, hired Defendant Daeyoon Kim in 1996. As part of the terms of his employment, Mr. Kim signed a

Confidentiality Agreement ("Agreement").  To generally summarize, the Agreement barred Mr. Kim from divulging confidential or proprietary information regarding Systemic Formulas or using such information to his personal gain or advantage.  The Agreement further provided that, for thirty-six months after leaving the company, Mr. Kim could not engage in any business activity that competed with Systemic Formulas nor could he solicit any of the company's customers ("Noncompete Clause").

Mr. Kim left Systemic Formulas in September 2006.  At some point thereafter, he formed Innovita, which develops and sells a line of vegetarian dietary supplements.  Systemic Formulas contends the products developed and sold by Mr. Kim and Innovita are imitations of its products. It further claims that Defendants are selling these products to existing Systemic Formulas customers.

## PROCEDURAL BACKGROUND

In November 2007, Systemic Formulas filed this suit against Defendants for alleged misappropriation of trade secrets, trademark infringement, unfair competition, computer fraud, breach of contract, and declaratory judgment.  It filed an amended complaint in May 2009, adding claims for copyright infringement, interference with business relationships, and unlawful access to stored communications in violation of 18 U.S.C. § 2707.

Months after filing its initial complaint, Systemic Formulas asked the court to grant it a preliminary injunction in order to "prevent" Mr. Kim and Innovita from "continuing to unfairly and improperly benefit from their illegal conduct" pending trial.  (Pl.'s Mem. Supp. Prelim. Inj., 10, Docket No. 49.)  The court held a hearing and denied the motion for a preliminary injunction without prejudice in August 2008.  (Order, Docket No. 97.)

About a month later, Systemic Formulas asked the to grant an evidentiary hearing to

resolve any disputed issues of fact that had precluded the issuance of a preliminary injunction. The court denied the motion, but instructed Systemic Formulas that it could file a second motion for a preliminary injunction and all supporting materials if it did so by mid-December 2008. If Systemic Formulas made a prima facie showing, the court said that it would instruct Defendants to respond. Systemic Formulas received an extension until December 22, 2008, to file this motion.

Although Systemic Formulas filed a supplemental brief, it failed to file a second separate motion for injunctive relief. In the supplemental brief Systemic Formulas reargued many of the same points from its initial motion for injunctive relief and relied much of the same evidence. Systemic Formulas claimed that Defendants were "entirely to blame for [the] sudden drop in sales to many of its long time customers." (Pl.'s Suppl. Mem., 12, Docket No. 128.) It also maintained that Mr. Kim was competing in violation of the terms of the Noncompete Clause. Systemic Formulas accused Defendants of using Systemic Formula's customer list to target potential customers and copying the Systemic Formulas brochures.[1] Systemic Formulas asked the court to enjoin Defendants from these acts.

A few months later, Systemic Formulas asked the court to expedite its consideration of the issues it had raised in its supplemental memorandum. The court sent a letter to all parties in August 2009, directing Systemic Formulas to immediately respond if it was still interested in pursuing a preliminary injunction. All parties responded, and the court held a status conference in September 2009, during which the court established a briefing schedule. The court held a hearing on Systemic Formula's renewed request for a preliminary in injunction in October 2009.

---

[1]Because Systemic Formulas' brief only discusses the alleged infringement by Defendants' brochures, this is the claim that the court considers even though some of the affidavits address other matters.

# ANALYSIS

Generally, in order to obtain a preliminary injunction, the moving party must demonstrate "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.'" Attorney Gen. of Okla. v. Tyson Foods, Inc., 565 F.3d 769, 776 (10th Cir. 2009) (quotation omitted). Because a preliminary injunction is an "extraordinary remedy," the right to such relief "must be clear and unequivocal." Beltronics USA, Inc. v. Midwest Inventory Distrib., 562 F.3d 1067, 1070 (10th Cir. 2009) (quotation omitted).

Courts have identified several types of injunctions that are disfavored and subject to even more intense scrutiny "to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." Tyson Foods, 565 F.3d at 789 (quotation omitted). These disfavored injunctions include those what would disturb the status quo, those that are mandatory rather than prohibitory, and those that would afford the movant substantially all the relief it would recover if it prevailed at the end of a full trial on the merits. O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004) (en banc), aff'd, 546 U.S. 418 (2006); see also Westar Energy, Inc. v. Lake,. 552 F.3d 1215, 1224 (10th Cir. 2009) (identifying which types of preliminary injunctions are disfavored).

Here, Systemic Formulas seeks a type of preliminary injunction that, in part, falls within the categories of those that are disfavored. Any injunction that would enforce the terms of the Noncompete Clause would afford Systemic Formulas the relief that it would receive at the end of trial. And because more than thirty-six months have passed since Mr. Kim left the company, such an injunction would offer Systemic Formulas much more than the agreement between the

parties. The preliminary injunction would disturb the status quo between the parties.

For a moving party to prevail and secure such a disfavored type of preliminary injunction, it must "'make[] a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms.'" Beltronics, 562 F.3d at 1071 (quotation omitted); see also Schrier v. Univ. of Colo., 427 F.3d at 1261 (noting that "the requirement that a movant requesting a disfavored injunction must make a showing that the traditional four factors weigh heavily and compellingly in his favor is no longer the law of the circuit").

### 1. Likelihood of Success on the Merits

Systemic Formulas has focused on its assertions that Mr. Kim breached the Noncompete Clause, that Defendants' brochures infringe Systemic Formulas' trade dress, and that Defendants have misappropriated trade secrets by using Systemic Formulas' customer list. The court will consider Systemic Formulas's showing for each.[2]

Violation of Noncompete Clause

Systemic Formulas must demonstrate that it is substantially likely to succeed in its claim that Mr. Kim violated the terms of the Noncompete Clause. This necessarily involves first demonstrating that the agreement itself is likely to be considered valid under Utah law.

For a restrictive employment covenant such as the Noncompete Clause to be valid, it must satisfy the following requirements: "(1) the covenant be supported by consideration; (2) no bad faith be shown in the negotiation of the contract; (3) the covenant be necessary to protect the goodwill of the business; and (4) it be reasonable in its restrictions as to time and area." Sys.

---

[2]Even if the court were to conclude that Systemic Formulas does not seek a disfavored kind of injunction, it has still failed to make a sufficient showing even under a less onerous standard that it is likely to succeed on the merits of these claims. See Tyson Foods, 565 F.3d at 776 (indicating that generally a moving party must demonstrate a likelihood of success on the merits).

Concepts, Inc. v. Dixon, 669 P.2d 421, 425-26 (Utah 1983).

Systemic Formulas has failed to meet the fourth prong. According to the plain language of the Noncompete Clause, the parties agreed that it would be effective for thirty-six months after Mr. Kim's termination date. Mr. Kim left Systemic Formulas in September 2006, which means that it is long past the expiration of the Noncompete Clause. Systemic Formula's request that the court extend the duration of the agreement beyond this date violate the well-established rule that a court will not rewrite the parties' contract. See RHN Corp. v. Veibell, 96 P.3d 935, 945 (Utah 2004) (noting that a court will not rewrite a contract to include terms that were not contemplated by the parties); Rio Algom Corp. v. Jimco, Ltd., 618 P.2d 497, 505 (Utah 1980) ("A court will not . . . make a better contract for the parties than they have made for themselves.").

Moreover, Systemic Formulas has not demonstrated that it is substantially likely to succeed on its claim that Mr. Kim violated the terms of the Noncompete Clause. In support of its renewed claim, Systemic Formulas submits the affidavit of Launale Morris, the individual responsible for overseeing the company's accounting. (Aff. Launale Morris, Docket No. 129.) Ms. Morris maintains that she provided counsel with records demonstrating a loss in sales to fifty-five specific customers since 2005. Counsel for Systemic Formulas also submits his own declaration, which includes his analysis of some of this and other sales data. (Aff. Michael Vivoli, Docket No. 131.)

But other evidence suggests that Systemic Formulas has recently had notable increases in its overall sales, number of customers and profits. And to the extent that Systemic Formulas has experienced a decrease in its sales to certain customers, it has failed to demonstrate that this loss is the result of the Defendants improper conduct. Instead, evidence shows that there are other explanations for these losses, for example the fact that Systemic Formulas allegedly could not or

would not meet a customer's specific labeling preferences.

Infringement of Trade Dress

Systemic Formulas must demonstrate that it is substantially likely to succeed on the claim that Mr. Kim and Innovita infringed on its trade dress by using brochures for sales and marketing purposes that are similar to those used by Systemic Formulas.

Trade dress refers to a products "overall image and appearance, and may include features such as size, shape, color or color combinations, texture, graphics and even particular sales techniques." Sally Beauty Co., Inc. v. Beautyco. Inc., 304 F.3d 964, 977 (10th Cir. 2002). To establish a claim of trade dress infringement, a plaintiff must show that (1) the "trade dress is inherently distinctive or has become distinctive through secondary meaning;" (2) a likelihood of confusion exists among consumers as to the source of the competing products; and (3) "the trade dress is nonfunctional." Gen. Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1227 (10th Cir. 2007); see 15 U.S.C. § 1125(a).

Here, Systemic Formulas implies that the design of their sales brochures, including the overall appearance, the way that the products are presented and its use of unique shapes and layering, constitutes trade dress. It argues that Mr. Kim and Innovita have copied these features, which has resulted in confusion for consumers. Systemic Formulas relies on the declaration of Ricardo Rosas, who works in the graphic design industry. (Aff. Ricardo Rosas, Docket No. 130.) Mr. Rosas offers his opinion regarding the similarity between various aspects of the Defendants' marketing tools and those used by Systemic Formulas.

But Systemic Formulas has failed to show a likelihood that it will actually succeed on the merits of its claim. That some customers might consider certain design features similar is simply not enough. Systemic Formulas fails to discuss why the trade dress at issue is distinctive such

that it should qualify for protection. It also fails to present sufficient and convincing evidence in support of its claim that a likelihood of confusion exists, a key element of any claim for trade dress infringement.[3] Based on its own cursory review, the court notes that color schemes and overall appearance of these marketing tools seem to be markedly different. And Systemic Formulas does not even address whether the trade dress at issue could be considered to be functional.

Misappropriation of Trade Secrets

Systemic Formulas next argues that Mr. Kim and Innovita have misappropriated trade secrets in violation of Utah law by using the company's customer list to solicit sales. To prevail on a claim for misappropriation of trade secrets under Utah law, Systemic Formulas must demonstrate (1) "the existence of a trade secret, (2) communication of the trade secret to [Mr. Kim] under an express or implied agreement limiting disclosure of the secret," and (3) Mr. Kim's use of the secret injures Systemic Formulas. <u>Water & Energy Sys. Tech., Inc. v. Keil</u>, 974 P.2d 821 (Utah 1999); <u>see</u> Utah Code Ann. §§ 13-24-1 to -24-9.

Rather than submitting any new evidence, Systemic Formulas merely directs the court to exhibits that it submitted with its previous motion. Instead of presenting the court with the specific considerations of this case, it focuses its attention on generally arguing why a customer list could be a trade secret.

Systemic Formulas has failed to demonstrate that it is sufficiently likely to succeed on its

---

[3]The likelihood of confusion is a question of fact in the Tenth Circuit. In considering whether a likelihood of confusion exists, a court must consider such factors as "(1) the degree of similarity between the products; (2) the intent of the alleged infringer in designing its product; (3) evidence of actual confusion; (4) similarity in how the products are marketed; (5) the degree of care likely to be exercised by purchasers; and (6) the strength of the trade dress." <u>Urban Gorilla</u>, 500 F.3d at 1227.

claim.  It has not provided the court with persuasive evidence that this particular customer list should be considered a trade secret.  Moreover, it has not demonstrated that Defendants used the customer list.  And any evidence regarding whether Mr. Kim or Innovita have been contacting Systemic Formula's clients is disputed and subject to conflicting interpretations.  (See Defs.' Mem. Opp'n Pre. Inj., 16-17.)  Furthermore, for the reasons previously explored, Systemic Formulas has not provided sufficient evidence that it has been injured by any alleged use of this customer list.

### 2.      Irreparable Harm

Because Systemic Formulas has not demonstrated a substantial likelihood of success on the merits of any of these claims, it is not entitled to a presumption that they would suffer irreparable harm absent a preliminary injunction.  See Schrier, 427 F.3d at 1266.  Rather, Systemic Formulas must provide sufficient evidence of an irreparable injury or an injury that is so imminent that there is a clear and present need for the requested relief.  See id. at 1267. Speculative harm is not enough; the alleged injury must be "certain, great, actual and not theoretical."  Id.

Without a preliminary injunction, Systemic Formulas contends that the "very continued existence" of its business is threatened.  (Pl.'s Suppl. Mem., 9, Docket No.128 .)  Because Defendants allegedly stole Systemic Formula's customers and goodwill, it claims that monetary damages could never make it whole.  Systemic Formulas argues that it would be difficult to quantify damages.  Furthermore, Systemic Formulas says that it suspects Defendants won't be able to pay any damage award.

This claim of irreparable injury is not compelling. First, the damage identified is not actual, but speculative and greatly exaggerated based on even the evidence submitted by

Systemic Formulas. As previously discussed, the evidence suggests that Systemic Formulas is stable and is not on the verge of extinction. Although it might have experienced a decrease in sales to certain customers, Systemic Formulas appears to have enjoyed recent notable growth based on the evidence.

Second, Systemic Formula's claims of irreparable damage are undercut by its delay in seeking a preliminary injunction. See RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1211 (10th Cir 2009) (discussing delay as a permissible factor to consider). The chronology of this case suggests that Systemic Formulas has not felt the sense of urgency that it now claims exists. Mr. Kim left Systemic Formulas in September 2006. Systemic Formulas did not file this suit until November 2007. After filing suit, it waited for another some seven months before seeking a preliminary injunction. And after the court denied the motion, Systemic Formulas waited for another month before approaching the court about allowing an evidentiary hearing in support of its request for a preliminary injunction. When the court offered Systemic Formulas the chance to submit a supplemental brief instead, Systemic Formulas asked the court for an extension of time.

### 3. Balancing of Harms

Even if Systemic Formulas had demonstrated a compelling threat of irreparable injury, it has failed to make a sufficient showing that such injury would outweigh the harm that Defendants would suffer if the court were to grant the preliminary injunction.[4] At most, the injury that Systemic Formulas could claim to suffer would be neither exceptional nor the kind that could not be compensated with a monetary award. Conversely, if Systemic Formulas had its way, Mr. Kim and Innovita would be barred from continuing their business.

---

[4]As with the likelihood of success inquiry, Systemic Formulas has not demonstrated even under the less demanding standard generally associated with preliminary injunctions that it can prevail on a balance of harms inquiry. See Tyson Foods, 565 F.3d at 776.

**ORDER**

For the reasons set forth, Plaintiffs renewed request for a preliminary injunction is

DENIED.[5]

DATED this 14th day of December 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

[5]To ensure that the docket is as clear as possible, the court notes that Systemic Formulas failed to file a renewed motion for a preliminary injunction as allowed by the court after the hearing on November 20, 2008.  (See Order, Docket No. 119; Minute Entry, Docket No. 120.) Systemic Formulas merely filed a supplemental brief, which is seemingly in support of its original motion.  But this motion was terminated with the court's order dated August 15, 2008. (Order, Docket No. 97.)