IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SYSTEMIC FORMULAS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAEYOON KIM; an individual; INNOVITA, LLC, a Utah Limited Liability Company; and, DOES 1 through 50, inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR CONTEMPT AND SANCTIONS [167 and 171] and DENYING PLAINTIFF'S MOTION FOR SANCTIONS [183]<br><br>Case No: 1:07-CV-159 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendants Kim and Innovita (Innovita) have moved for contempt and sanctions[1] based on Plaintiff Systemic Formulas Inc.'s (Systemic) alleged violation of the Protective Order.[2] In addition, Innovita filed a motion for sanctions based on Systemic's alleged misrepresentations to the court during a telephonic discovery hearing.[3] Systemic claims both of Innovita's motions are frivolous and has therefore filed its own motion for sanctions based on Rule 11 of the Federal Rules of Civil Procedure.[4]

---

[1] Defendants' Motion for Contempt and Sanctions for Plaintiff's Violation of the Protective Order (Motion for Contempt and Sanctions), docket no. 167, filed September 8, 2009.

[2] Stipulated Protective Order re: Information Exchanged in Discovery (Protective Order), docket no. 24, filed February 21, 2008.

[3] Defendants' Motion for Sanctions against Plaintiff for Misrepresentations to the Court, docket no. 171, filed September 9, 2009.

[4] Systemic Notice of Motion and Motion for Rule 11 Sanctions . . . , docket no. 183, filed October 6, 2009.

## Innovita's motion for contempt and sanctions for
## Systemic's alleged violation of the protective order

Systemic and Innovita stipulated[5] to entry of the Protective Order under which Systemic's and Innovita's attorneys agreed not to disclose to their clients information that was designated "Attorneys' Eyes Only." This category of designation was reserved for information which "comprises or contains confidential, highly sensitive technical, marketing, financial, sales or other business information which could be used by the receiving party to obtain a business (not legal) advantage over the producing party."[6] Moreover, the Protective Order states that any "information contained in or derived from material designated" as protected ("including excerpts, summaries, indices, abstracts, or copies") is *also* protected. Under that provision, if the underlying material is Attorneys' Eyes Only, the derived information cannot be disclosed to the clients.[7]

During discovery, Innovita produced its customer list and appropriately designated the list as "Attorneys' Eyes Only" under the protective order.[8] Systemic's counsel, Mr. Vivoli, compared Innovita's customer list with his client's customer list and noticed that several of Innovita's customers were also customers of his client, Systemic. After comparing the two lists, and based upon his review of Innovita's confidential customer information, Mr. Vivoli compiled a third list, containing the customers Innovita and Systemic had in common.[9] Sometime in

---

[5] Stipulated and [Proposed] Protective Order Re: Information Exchanged in Discovery, docket no. 22, filed February 19, 2009.

[6] *Id.* ¶3.

[7] Protective Order, ¶ 2.

[8] Supporting Memorandum for Contempt and Sanctions . ¶ 9 at iv-v. The designation is admitted in Plaintiff Systemic Formulas, Inc.'s Memorandum of Points and Authorities in Opposition to Defendants' Motion for Contempt and Sanctions for Plaintiff's Alleged Violation of Protective Order (Opposition Memorandum to Motion for Contempt and Sanctions) at 4, docket no. 175, filed September 23, 2009.

[9] *Id.*

December 2008,[10] Mr. Vivoli sent the list containing the common customers to his client and asked his client to provide him with sales information for each of those customers for the three year period prior to Defendant Daeyoon Kim leaving Systemic.[11]  Subsequently, during a deposition of a Systemic employee, Innovita's counsel discovered that Mr. Vivoli had given Systemic the list of common customer names from which Systemic was able to compile its own list of Innovita customers.[12]  Suspecting that Mr. Vivoli had breached the protective order, Innovita filed this motion.

By giving the list of common customers to his client, Mr. Vivoli violated the protective order.  The protective order expressly states that any "information contained in or derived from material designated [confidential], including excerpts, summaries, indices, abstracts, or copies of such material" is protected with the same protection as produced information.[13]  Mr. Vivoli argues that the list containing similar customers did not contain protected information because the names on the list came from Systemic's own customer list and not from Innovita's customer list.[14]  This argument is unpersuasive, however, because Mr. Vivoli made that list after reviewing the information contained in Innovita's confidential customer list.  And every name on the list is an Innovita customer.  Without first obtaining the information contained in Innovita's customer list, Mr. Vivoli would not have been able to make a list of common customers.  Consequently, the information contained in the list Mr. Vivoli gave to his client was derived from information designated "Attorneys' Eyes Only" and, therefore, should not have been disclosed.

---

[10] Declaration of Michael W. Vivoli in Support of Opposition to Defendants' Motion for Contempt and Sanctions for Plaintiff's Alleged Violation of Protective Order ¶10 at 5-6, docket no. 176, filed September 23, 2008.

[11] *Id.*

[12] Supporting Memorandum for Contempt and Sanctions at 3.

[13] Protective Order, ¶ 2.

[14] Opposition Memorandum to Motion for Contempt and Sanctions at 2, 6-7.

In his defense, Mr. Vivoli claims he did not violate the protective order because the protective order allows him to refer to or rely upon protected information when rendering advice to his client.[15] It is true the protective order allows each attorney to refer to or rely upon protected information when *rendering advice* to their clients.[16] But the same paragraph of the order clearly limits such use to prohibit communication of "information contained in or derived from [protected] material . . . including excerpts, summaries, indices, abstracts, or copies of such material." And the clause permitting advice relying on such information clearly states "the attorney shall not disclose the contents or the source of any Protected Information." Here, Mr. Vivoli was not rendering *advice* to his client when he delivered the list compiled with the protected information; he was delivering *information*.

Moreover, Mr. Vivoli claims he cannot be held in contempt of court because he did not *willfully* violate the protective order.[17] This argument is misplaced. To establish civil contempt, the complainant need only establish "that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order. The contemnor's disobedience need not be 'willful' to constitute civil contempt."[18] Innovita has sufficiently established the necessary requirements for civil contempt and need not prove Mr. Vivoli willfully violated the protective order.

Finally, Mr. Vivoli contends the protective order is ambiguous and that Systemic cannot be held in contempt for violating an ambiguous order.[19] Systemic claims the order is ambiguous because paragraph two of the order prohibits the disclosure of information derived from

---

[15] *Id*. at 2.

[16] Protective Order, ¶ 16.

[17] Opposition Memorandum to Motion for Contempt and Sanctions at 7-8.

[18] *Bad Ass Coffee Co. of Hawaii, Inc. v. Bad Ass Coffee Ltd. Partnership*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000).

[19] Opposition Memorandum to Motion for Contempt and Sanctions at 8-9.

protected material, while paragraph sixteen gives the attorneys the right to refer to or rely upon protected information when rendering advice.[20] Paragraph sixteen states that "[n]othing in this Order shall bar or otherwise restrict any attorney" from relying upon or referring to protected information when rendering advice to his client.[21] Systemic claims that anytime an attorney renders advice to a client based on his review of protected information "that advice is arguably 'derived' from those records" and, thus, cannot be disclosed.[22] Systemic claims these two provisions are "patently irreconcilable."[23] The ambiguity is only a result of Vivoli's artifice. Paragraph sixteen clearly draws the line:

> 16. Advice to Client Based on Confidential Information: Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this proceeding and in the course thereof, referring to or relying upon the attorney's examination of designated information; provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose the contents or the source of any Protected Information. [24]

Advice may rely on protected information but delivery of information is prohibited. The protective order is not ambiguous. Accordingly, disqualification sanctions will be imposed as Mr. Vivoli can no longer be trusted by the court or the parties to have access to protected information.

The magistrate judge will require Innovita to provide sales information for the clients affected for the time period January 2008 through December 2009. This may provide a measure for monetary and any other sanctions to be imposed. After this information is received, the

---

[20] *Id.* at 9.

[21] Protective Order, ¶ 16.

[22] Opposition Memorandum to Motion for Contempt and Sanctions at 9.

[23] *Id.*

[24] Protective Order, ¶ 16.

magistrate judge will recommend that the district court enter a contempt order, with a monetary sanction, including attorneys' fees.

The magistrate judge will now enter an order disqualifying Mr. Vivoli from further participation in this case and from any appearance pro hac vice in this court for a period of three years.  His possession of information protected under the Protective Order is also prohibited.  In order to make this sanction effective, his firm is disqualified from further participation in this case.

### Innovita's motion for sanctions due to Systemic's alleged misrepresentations to the court

Innovita claims Mr. Vivoli made misrepresentations to the magistrate judge during a telephonic discovery hearing concerning the setting of two depositions, one deposition to occur in Florida and the other in California.[25]  They were both set to occur on the same day.  This hearing was set because of the unusually short notice that Mr. Vivoli proposed to take the depositions just days before the close of fact discovery.  During that hearing, Systemic's counsel, Mr. Vivoli, responded affirmatively to the court's direct question that he had negotiated deposition dates with both deponents and that both deponents were under subpoena.[26]  The conversation was as follows:

> THE COURT: And let me just ask, Mr. Vivoli, have you got -- you negotiated these times with the deponents?
> MR. VIVOLI: Correct.
> THE COURT: And are -- are they under subpoena from a court?
> MR. VIVOLI: Yes.
> THE COURT: In Florida and California then?
> MR. VIVOLI: Yes, Your Honor.[27]

---

[25] Defendants' Memorandum for Sanctions against Plaintiff for Misrepresentations to the Court (Supporting Memorandum for Sanctions for Misrepresentations) at 4, docket no. 172, filed September 9, 2009.

[26] *Id*. at 2.

[27] Transcript from Electronic Recording August 26, 2009 at 7:8-17 , Exhibit A to Supporting Memorandum for Sanctions for Misrepresentations.

The representation was material because the court was attempting to determine whether to bar or permit the depositions, which were scheduled in opposite ends of the country on the same day, the last day of the discovery period. Innovita claims Mr. Vivoli had not negotiated the deposition dates with the deponents and that the Florida deponent was not under subpoena when Mr. Vivoli made that representation to the court.[28]

At the time of the telephonic discovery hearing, the California deponent, Ms. Flood, was under subpoena to have her deposition taken.[29] And Mr. Vivoli had spoken with Ms. Flood on the phone the day before the discovery hearing.[30] During that conversation with her, Mr. Vivoli offered to reschedule the deposition date.[31] However, Ms. Flood chose to keep the deposition on August 31 as scheduled.[32] Accordingly, Mr. Vivoli's statement to the court was accurate concerning Ms. Flood. At the time of the discovery hearing, she was under subpoena and the time and date was negotiated, though that occurred *after the subpoena was served.*

However, at the time of the telephonic discovery hearing, the Florida deponent, Mr. Martin, was not actually under subpoena and had not "negotiated" the deposition date and time. Mr. Vivoli says that he had received information from his secretary shortly before the hearing that Mr. Martin was currently under a subpoena to be deposed on August 31.[33] Mr. Vivoli says he made his statements to the court on the basis of that conversation.[34] But he admits his secretary does not recall the alleged conversation in which he was told the subpoena was

---

[28] Defendants' Reply Memorandum in Support of their Motion for Sanctions against Plaintiff for Misrepresentations to the Court (Reply Memorandum in Support of Motion for Sanctions) at 1-4, docket no. 192, filed October 9, 2009.

[29] Plaintiff Systemic Formulas, Inc.'s Memorandum of Points and Authorities in Opposition to Defendants' Motion for Sanctions against Systemic for Misrepresentations to the Court at 4, docket no. 177, filed September 25, 2009.

[30] *Id.*

[31] *Id*.

[32] *Id*.

[33] *Id*. at 10.

[34] *Id*.

issued.[35] Although the subpoena server attempted to serve Mr. Martin on that day, the server was unable to connect with Mr. Martin.[36] As a result, Mr. Martin was served the subpoena on the next day, one day after the telephonic discovery hearing.[37] Further, at the time of the telephonic discovery hearing, Mr. Vivoli had not negotiated with Mr. Martin regarding the date of the deposition. His declaration and the memorandum opposing the motion are devoid of any justification for that false representation.

As a sanction, Mr. Vivoli will be barred from further participation in this case and from appearance pro hac vice in this court for a period of three years.

### Systemic's Motion for Rule 11 Sanctions

Systemic claims Innovita's motions for contempt and sanctions violate Rule 11 of the Federal Rules of Civil Procedure because they were a "baseless and improper tactic" and were "filed for an improper purpose."[38] However, as is evidenced by this order, each of the motions had merit. Consequently, Defendants did not violate Rule 11 and Systemic's motion for Rule 11 sanctions is denied.

---

[35] Declaration of Michael W. Vivoli In Support of Systemic Formulas, Inc.'s Opposition to Defendants' Motion for Sanctions against Systemic for Misrepresentations to the Court ¶ 17, docket no. 178, filed September 25, 2009.

[36] *Id*.

[37] Reply Memorandum in Support of their Motion for Sanctions against Plaintiff for Misrepresentations to the Court at 3.

[38] Memorandum of Points and Authorities in Support of Systemic's Motion for Rule 11 Sanctions at 6, docket no. 184, filed October 6, 2009.

**ORDER**

IT IS HEREBY ORDERED that:

- Innovita's Motion for Contempt and Sanctions for Plaintiff's Violation of the Protective Order is GRANTED;[39]

- Innovita's Motion for Sanctions against Plaintiff for Misrepresentations to the Court[40] is GRANTED; and

- Systemic's Motion for Rule 11 Sanctions[41] is DENIED.

IT IS FURTHER ORDERED that based on the Court's inherent power to manage proceedings conducted before it[42] Mr. Michael W. Vivoli is DISQUALIFIED from representation of Plaintiff in this action. Vivoli & Associates is DISQUALIFIED from further representation of Plaintiff in this action. After entry of this order, all attorneys at Vivoli & Associates shall be immediately removed from the notice matrix in this case and are barred from possession of or access to any information protected under the Protective Order (including originals, reproductions, excerpts, summaries, indices, abstracts or other derivatives). All such material to which Vivoli & Associates has access (including originals, reproductions, excerpts, summaries, indices, abstracts or other derivatives) shall be delivered to Salt Lake City counsel for Innovita on or before January 8, 2009.

IT IS FURTHER ORDERED that Mr. Vivoli is barred until after December 31, 2012 from appearing pro hac vice in any case filed in this court. He shall attach this order to any application to appear pro hac vice filed after that date. The magistrate judge recommends that any judge considering a future pro hac vice motion filed by Mr. Vivoli read Plaintiff Systemic

---

[39] Docket no. 167, filed September 8, 2009.

[40] Docket no. 171, filed September 9, 2009.

[41] Docket no. 183, filed October 6, 2009.

[42] *Chambers v. Nasco, Inc.*, 501 U.S. 32, 35 (1991).

Formulas, Inc.'s Memorandum of Points and Authorities in Opposition to Defendants' Motion for Contempt and Sanctions for Plaintiff's Alleged Violation of Protective Order[43] and Plaintiff Systemic Formulas, Inc.'s Memorandum of Points and Authorities in Opposition to Defendants' Motion for Sanctions against Systemic for Misrepresentations to the Court,[44] and carefully consider whether the tone expressed in those documents will advance any future litigation in which Mr. Vivoli proposes to act. Those judges should also consider that Mr. Vivoli has responded to the motions for sanctions against him by filing a retributive Rule 11 motion. His approach does not promote the "just, speedy and inexpensive" determination of an action.

IT IS FURTHER ORDERED that on or before January 8, 2009, Innovita shall file:

a. under seal gross sales volume for the time period January 2008 through December 2009 for each of the clients affected by the improper disclosure. The data shall, to the extent possible, segregate the year 2008 from the year 2009; and

b. a summary of all attorneys' fees incurred by Innovita with respect to the three motions resolved in this order and in fulfilling the obligations of this order.

IT IS FURTHER ORDERED that within fourteen days of that filing, Systemic may file a response to Innovita's filings and file a motion to adjudicate sanctions. Further orders will issue thereafter.

Dated this 23 day of December 2009.

BY THE COURT:

_____
David Nuffer
U. S. Magistrate Judge

---

[43] Docket no. 175, filed September 23, 2009.

[44] Docket no. 177, filed September 25, 2009.