IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SYSTEMIC FORMULAS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAEYOON KIM; an individual; INNOVITA, LLC, a Utah Limited Liability Company; and, DOES 1 through 50, inclusive,<br><br>Defendants. | ORDER FOLLOWING STATUS CONFERENCE<br><br>Case No: 1:07-CV-159 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

The parties (Plaintiff through Gregory Phillips and Scott Ryther and Defendants through Stephen Bean) appeared pursuant to the court's request[1] at a status conference February 25, 2010, to present their views on what consequence is appropriate for the improper disclosure and use of protected information; against whom consequences should be imposed; and what procedure should be followed to determine any consequences. This conference was necessary to move forward after the order[2] of the district judge vacating a part of the December 23, 2009 order[3] of the magistrate judge.

The issues of what consequence is appropriate for the improper disclosure and use of protected information; against whom consequences should be imposed; and what procedure should be followed to determine any consequences are still pending before the magistrate judge. The purpose of this order is to clarify other issues raised at the status conference.

---

[1] Docket no. 241, filed February 16, 2010.

[2] Docket no. 238, filed February 4, 2010.

[3] Docket no. 201 at 9, filed December 23, 2009.

In the course of consideration of the issues before the magistrate judge, the Plaintiff pointed out that its response to Defendants' motion for summary judgment[4] is due shortly. Plaintiff represented that new counsel's recent appearance in the case makes difficult the response to the motion for summary judgment. Mr. Michael Vivoli appeared in person and through counsel Jennifer Whitlock at the status conference. They concurred in this concern. The parties have discussed but not agreed on an extension of time for Plaintiff to respond to the motion for summary judgment.[5]

Plaintiff's counsel of record also expressed concern that the memorandum[6] and declaration[7] in support of the motion for summary judgment has been designated by Defendants' counsel as protected information under the protective order[8] and referred to on at least one occasion[9] as "Attorneys' Eyes Only" protected information preventing Plaintiff's recently appearing counsel from discussing it with their client representatives or with Mr. Vivoli. It is clear from review that not all this material is qualified to be protected information.

The magistrate judge inquired about Mr. Vivoli's access to information protected under the Protective Order. Plaintiff's counsel and Mr. Vivoli represented that all such material to which Vivoli & Associates had access was delivered to Mr. Bean on January 8, 2009.

---

[4] Docket no. 235, filed February 1, 2010.
[5] Docket no. 252, lodged February 26, 2010.
[6] Docket no. 236, filed February 1, 2010.
[7] Docket no. 237, filed February 1, 2010.
[8] Docket no. 24, filed February 21, 2008.
[9] Docket no. 252, lodged February 26, 2010.

In order that the parties may be clear on these issues,

## ORDER

IT IS HEREBY ORDERED that on or before March 6, 2010, Defendants shall file two redacted versions of the papers filed by them on the motion for summary judgment,

1. one version redacted so that no information protected under the protected order is visible, clearly marked "Not Protected Under the Protective Order;"
2. the other version to be filed under seal with material redacted which is protected as ATTORNEYS EYES ONLY under the protective order, which shall be clearly marked FILED UNDER SEAL – CONTAINS CONFIDENTIAL INFORMATION; and
3. the versions presently on file[10] may remain filed under seal.

IT IS FURTHER ORDERED:

1. The materials prepared and filed under the foregoing paragraphs shall be treated as provided in the protective order. This means that Mr. Vivoli may have access to the publicly filed version of the materials and may converse with current counsel about it.
2. Consistent with the portion[11] of the December 23, 2009 order not considered by the district judge,[12] Mr. Vivoli is not to possess or have access to any information protected under the protective order.

---

[10] Docket nos. 236 and 237, filed February 1, 2010.

[11] Docket no. 201 at 9, filed December 23, 2009.

[12] Docket no. 238 at 2 n.2, filed February 4, 2010.

3. Any motion by Plaintiff for extension of time to respond to the motion for summary judgment shall be made to the district judge, who will hear those motions.

February 26, 2010.

                                      BY THE COURT:

                                      _____
                                      David Nuffer
                                      U. S. Magistrate Judge