IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SYSTEMIC FORMULAS, INC., a Utah corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>DAEYOON KIM; an individual; INNOVITA, LLC, a Utah Limited Liability Company; and, DOES 1 through 50, inclusive,<br><br>              Defendants. | MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT PLAINTIFF'S MOTIONS TO ADJUDICATE SANCTIONS [227]; GRANTING PLAINTIFF'S MOTION TO STRIKE [231]; and GRANTING DEFENDANTS' MOTION TO STRIKE [242]<br><br>Case No: 1:07-CV-159 TC<br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

The magistrate judge is considering three motions in the aftermath of an Order[1] determining that Michael Vivoli, former counsel for Plaintiff Systemic Formulas Inc. (Systemic), violated the Protective Order[2] in this case. The Order determined that Vivoli passed to his client (Systemic) confidential customer information Vivoli received from Defendants Kim and Innovita (Innovita). The confidential customer information was appropriately designated as "Attorneys' Eyes Only" under the Protective Order, but Vivoli nonetheless disclosed it to his client.

Mr. Vivoli compared Innovita's customer list with Systemic's customer list and noticed that several of Innovita's customers were also customers of his client Systemic. Vivoli compiled a third list containing the customers Innovita and Systemic had in common. On December 8, 2008, Mr. Vivoli sent the list containing the common customers to Systemic Vice President

---

[1] Memorandum Decision and Order (Order), docket no. 201, filed December 23, 2009.

[2] Stipulated Protective Order re: Information Exchanged in Discovery (Protective Order), docket no. 24, filed February 21, 2008.

Nicole Wheelwright Sugihara[3] and asked her to provide him with sales information for each of those customers for the three year period prior to Defendant Daeyoon Kim leaving Systemic.[4] Vivoli told his client not to speculate on the source of the list because, in his words, "that would be wrong."[5]

Though he recognized something was wrong at the time of the delivery, Vivoli later insisted that his list was only a list of *Systemic* customers and that he was within his rights to refer to or rely upon protected information when rendering advice to his client.[6] These arguments were rejected by the magistrate judge[7] and on review by the district judge.[8] Vivoli's arguments ignored the clear language of the Protective Order and the strong policy reasons for insisting on trustworthy behavior from those entrusted with highly sensitive information. Much commercial litigation would be impossible without the ability to rely on protective order constraints.

For breaching such an essential protection in this case between two fierce competitors, the magistrate judge disqualified Mr. Vivoli from further participation in this case and from any appearance pro hac vice in this court for a period of three years.[9] That latter restriction was reversed on review by the district judge.[10]

To assist in determining an appropriate monetary sanction, the magistrate judge required Innovita to provide "gross sales volume for the time period January 2008 through December

---

[3] Declaration of Nicole Wheelwright Sugihara (Sugihara Declaration) at 2-3, attached as Exhibit B to Plaintiff's Response and Opposition (Systemic Opposition), docket no. 233, filed under seal January 29, 2010.

[4] Order at 3.

[5] Order [of Judge Campbell] (Campbell Order) at 2, docket no. 238, filed February 4, 2010.

[6] Order at 4.

[7] Order at 5.

[8] Campbell Order at 2.

[9] Order at 6, 9-10.

[10] Campbell Order at 3.

2009 for each of the clients affected by the improper disclosure" and permitted Systemic to respond.[11] The Order stated "[t]his may provide a measure for monetary and any other sanctions to be imposed."[12] Innovita was also invited to submit "a summary of all attorneys' fees incurred by Innovita with respect to the three motions resolved in this order and in fulfilling the obligations of this order."[13]

Innovita did provide a financial summary showing that the customers who were listed ordered less from Innovita after the disclosure, which sales to other customers increased markedly.[14] In addition, Innovita provided a declaration from an individual relating highly competitive activity by Systemic's principals against those perceived to be aligned with Innovita.[15] Systemic responded with a vigorous rejection of the sales and attorney fee data provided by Innovita, including a report from an expert criticizing the methodology used and data Innovita provided.[16] Systemic also moved to strike the declaration Innovita submitted,[17] and then Innovita moved to strike the declaration from Systemic's expert.[18]

## DISCUSSION

After the Order was entered adjudicating that sanctions were appropriate, the magistrate judge ordered that gross sales figures be supplied to determine whether sanctions related to unfair market advantage might be appropriate. It is apparent that there is some demonstrated loss. It is also apparent that using actual financial loss as a measure might invite a distracting

---

[11] Order at 7.

[12] Order at 5.

[13] Order at 10.

[14] Defendants' Submission of Sales Data for Clients Affected by Plaintiff's Violation of the Protective Order (Defendant's Submission), docket no. 210, filed under seal January 8, 2010.

[15] Attached to Defendants' Submission as Exhibit B.

[16] Declaration of David Nolte, attached as Exhibit C to Systemic Opposition.

[17] Motion to Strike the Declaration . . . , docket no. 231, filed January 29, 2010.

[18] Defendants' Motion to Strike the Declaration of David Nolte, docket no 242, filed February 16, 2010.

3

and expensive battle of discovery and experts.  As Systemic points out, and as the Innovita declaration makes clear, this is a competitive, even brutal marketplace.  Factors other than the disclosure, including vigorous competition, might be a cause of declining sales from these common customers.  However, it is clear that Systemic's attorney improperly disclosed the highly sensitive customer list; placed it in the hands of a competitive decision maker; and undermined the fundamental protections for sensitive information necessary in cases between competitors.

Systemic objects that its behavior toward these common customers was no different before or after the list was disclosed.  "[T]here was nothing about the receipt of Mr. Vivoli's email that changed Systemic's behavior with respect to these customers."[19]  Systemic claims to have "known for many months prior to December 8, 2008 (the date of Mr. Vivoli's email) that Innovita had been marketing and selling products of Innovita to the customers included in Mr. Vivoli's email."[20]  However, this is impeached by Systemic's prior statements.  In response to discovery sent seven months *after* Vivoli transmitted the customer information, Systemic responded to an interrogatory about the "annual sales history from 2000 to the present for each Systemic customer that is known by Systemic to have purchased product from Innovita."[21]  Systemic responded that it did not know "which of its customers have purchased product from Innovita."[22]  Systemic admits that Ms. Sugihara passed the Vivoli list on to Launale Morris, Systemic Controller, to obtain sales information for Mr. Vivoli.[23]  "[S]he and/or others at Systemic directly spoke with many if not most of the customers at issue and independently

---

[19] Sugihara Declaration at 3.

[20] *Id.*

[21] Defendants' Memorandum in Support of their Motion to Strike the Declaration of David Nolte at 2.

[22] *Id.*

[23] Plaintiff Systemic Formulas Inc.'s Memorandum of Points and Authorities in Opposition to Defendants' Motion for Contempt and Sanctions . . . at 7, docket no. 175, filed September 23, 2009.

4

confirmed with them (independent of Systemic's counsel or any information provided by him) that they were purchasing product from Defendants."[24]

Vivoli's wrongful disclosure of information is adjudicated. Systemic had this information. Systemic must at least respond to the attorneys' fees and expenses incurred by Defendants in revealing and litigating this conduct. Further, if there is a marked, qualitative difference in Innovita's sales to these customers, some additional financial penalty may be appropriate. In addition, Systemic has been required to pay substantial fees on its own account, for its defense of these actions, and that constitutes a significant penalty. The magistrate judge will take the motion to adjudicate sanctions under advisement and gather additional information.

The motion to strike the declaration submitted by Innovita will be granted. That declaration is not probative as to the financial effects of the wrongful customer list delivery. It is colorful and even alarming, but not focused on the issue of sanctions still under consideration.

The motion to strike the Nolte Declaration will be granted. The Nolte Declaration also goes to issues not raised in the Order. The Order was searching to see if gross sales statistics could be used as a determinant of sanctions. Expert reports were not requested or desired.

**ORDER**

IT IS HEREBY ORDERED:

1. Systemic's motion to adjudicate sanctions[25] is taken under advisement.
2. On or before October 15, 2010, Defendants shall file a declaration accompanied by proper proof of the attorneys' fees and costs incurred by Innovita with respect to the three motions resolved in the Order, in fulfilling the obligations of the

---

[24] *Id.* at 5 n.2.

[25] Plaintiff's Motion to Adjudicate Sanctions, docket no. 227, filed January 29, 2010.

Order and incurred in the further submission of fees and expenses. Systemic may respond on or before October 29, 2010.

3. On or before October 15, 2010, Plaintiff shall file a declaration accompanied by proper proof of the attorneys' fees and costs incurred by Systemic with respect to the three motions resolved in the Order, in fulfilling the obligations of the Order and incurred in the further submission of fees and expenses. Innovita may respond on or before October 29, 2010.

4. On or before October 15, 2010, Defendants shall file under seal a summary of gross sales volume for the time period January 2010 through September 30, 2010, for each of the clients affected by the improper disclosure. Systemic may respond on or before October 29, 2010.

5. Systemic's motion to strike[26] the declaration filed by Innovita is GRANTED.

6. Innovita's motion to strike the declaration of David Nolte[27] is GRANTED.

**The parties are advised that they are free to enter into a stipulation resolving the sanctions issue at any time, which would obviate further submissions on this issue.**

Dated September 22, 2010.

BY THE COURT:

_David Nuffer_
David Nuffer
U.S. Magistrate Judge

---

[26] Motion to Strike the Declaration . . . . , docket no. 231, filed January 29, 2010.

[27] Defendants' Motion to Strike the Declaration of David Nolte, docket no 242, filed February 16, 2010.