IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SYSTEMIC FORMULAS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAEYOON KIM; an individual; INNOVITA, LLC, a Utah Limited Liability Company; and, DOES 1 through 50, inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER RESOLVING SANCTIONS RELATED TO SALES<br><br>~~FILED UNDER SEAL~~<br>**Redacted version filed in open docket**<br>Case No: 1:07-CV-159 TC<br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

The magistrate judge issued an Order[1] determining that Michael Vivoli, former counsel for Plaintiff Systemic Formulas Inc. (Systemic), violated the Protective Order[2] in this case by improperly disclosing an Innovita customer list. A later order adjudicated attorney's fee sanctions.[3] The magistrate judge deferred decision on whether some sanctions roughly compensating for loss of Innovita sales might be appropriate. The deferral was for two reasons.

First, because any imposition of monetary sanctions based on Systemic's interference with customers would be premature until after determination whether those customers were wrongfully obtained by Innovita. If Kim and Innovita were wrong in the first place to be selling to those customers, their losses due to Systemic interference would be moot. If they were

---

[1] Memorandum Decision and Order (Order), docket no. 201, filed December 23, 2009.

[2] Stipulated Protective Order re: Information Exchanged in Discovery (Protective Order), docket no. 24, filed February 21, 2008.

[3] Memorandum Decision and Order Granting in Part Plaintiff's Motion to Adjudicate Sanctions [227]; Order Regarding Possible Additional Sanctions; and Order Setting Scheduling Conference (January 3rd Order), filed on January 3, 2011, under seal as docket no. 313 and in redacted form as docket no. 312.

lawfully competing, their losses due to Systemic interference based on wrongfully obtained customer data would be a proper basis for sanctions.

Second, while the sales figures provided "show that Innovita sales **substantially increased** for customers whose identities were not disclosed to Systemic by Mr. Vivoli and that sales **substantially decreased** for customers whose identities he did disclose"[4] it was not clear that Systemic was the cause of this decline in sales.

The magistrate judge ordered Systemic to produce sales figures for the customers whose identities were wrongfully disclosed, to allow the magistrate judge to determine if Systemic appeared to benefit from its use of Innovita customer data. The data was received.[5]

The data originally supplied from Innovita[6] and the data supplied by Systemic are summarized together in the following table and chart.



---

[4] January 3rd Order at 4-5.

[5] Notice of Conventional Filing of Declaration of Scott Ryther Re Submission of Sales Data by Plaintiff Systemic Formulas, Inc., docket no. 322, filed January 21, 2011; Declaration of Scott Ryther Re Submission of Sales Data by Plaintiff Systemic Formulas, Inc., docket no. 323, filed under seal January 21, 2011.

[6] *See* January 3rd Order at 5.



The table and chart show:

- Innovita sales **substantially increased** for customers whose identities were not disclosed to Systemic by Mr. Vivoli (red line above);
- Innovita sales **substantially decreased** for customers whose identities Vivoli disclosed (blue line); and
- Systemic sales **substantially decreased** for customers whose identities Vivoli disclosed (green line), *at the same rate of decrease* as Innovita sales for those customers (blue line).

Therefore, it seems that both Systemic and Innovita suffered similar sales declines for these customers whose identities were disclosed. It does not appear that Systemic benefitted from Innovita's lost sales to these customers. This is not a scientific analysis, but a common sense view that Innovita sales to these customers were not obviously affected by Vivoli's wrongful disclosure.

Therefore the magistrate judge will not recommend the imposition of sanctions based on Innovita lost sales.

Dated March 15, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge